United States District Court
Southern District of Texas

**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JIRRON DEMON CURTIS, (TDCJ #01182051) §§§ | |
| Petitioner, § | |
| vs. § | CIVIL ACTION NO. 4:23-cv-381 |
| ERIC GUERRERO,[1] §§ | |
| Respondent. §§ | |

## MEMORANDUM OPINION AND ORDER

Jirron Demon Curtis seeks federal habeas corpus relief under 28 US.C. § 2254. Dkt. 1. Respondent Eric Guerrero has filed an answer. Dkt. 14. Curtis did not file a reply. After considering all the pleadings, the state-court records, and the applicable law, the Court will deny the petition and dismiss this action for the reasons explained below.

## I.     Background

The State of Texas prosecuted Curtis for his involvement in a 2002 store robbery. During the robbery, a witness saw Curtis answer a cell-phone call. Curtis dropped his cell phone as he fled the scene. The police used the cell phone to identify and track down Curtis. The State of Texas charged Curtis with the crime of aggravated robbery.

In 2003, Curtis stood trial in the 180th District Court of Harris County, Texas (Cause No. 925340). The State called three victims who were present during the offense. All

---

[1] Eric Guerrero is the current director of TDCJ. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

three identified Curtis as one of the robbers. The State also presented evidence discussing how the police investigation into the dropped cell phone resulted in Curtis's arrest. Curtis presented an alibi defense in which he claimed to have been at work when the crime occurred. Jurors found Curtis guilty as charged. After finding true an enhancement based on a prior robbery and making an affirmative deadly weapon finding, the jury assessed his punishment at sixty-five years in prison.

Curtis unsuccessfully appealed his conviction. *Curtis v. State*, No. 01-03-00687-CR, 2004 WL 2118487 (Tex. App.—Houston [1st Dist.] Sept. 23, 2004, pet. ref'd). Curtis then began extensive state and federal habeas litigation challenging the cell-phone evidence. Through four state habeas applications and other related legal proceedings, Curtis raised a variety of challenges to the evidence including: ineffective-assistance-of-trial-counsel claims, motions for post-conviction DNA testing, and actual innocence claims. Dkt. 14 at 4-7 (describing Curtis's state litigation). During that process, retesting found no testable DNA profile.

This is not Curtis's first effort at federal habeas review. Curtis filed a federal petition for a writ of habeas corpus in 2006.[2] Among other claims, Curtis alleged that trial counsel should have challenged more aggressively the evidence linking him to the cell phone. Curtis's initial federal petition was dismissed with prejudice on June 28, 2010. *Curtis v. Thaler*, H-06-4042, 2010 WL 2635616 (S.D. Tex. June 28, 2010).

---

[2] The Honorable United States District Judge Gray H. Miller presided over Curtis's initial federal habeas petition.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), an inmate must seek permission from a circuit court before filing a second or successive federal habeas petition. *See* 28 U.S.C. § 2253(c). In 2022, Curtis sought permission from the Fifth Circuit Court of Appeals to file another federal habeas petition. *In re Curtis*, No. 22-20630 (5th Cir. Jan. 12, 2013) (unpublished op.). According to the Fifth Circuit's characterization of his *pro se* pleading, Curtis argued that "the state court violated his due process rights by denying his application for postconviction DNA testing." *Id.* at 1. The Fifth Circuit found that AEDPA did not require prior authorization before filing a federal petition on that basis because his claim "was not previously available" and, therefore, "not successive." *Id.* The Fifth Circuit, however, found that any claim based on "a freestanding request for DNA testing" or "actual innocence" was successive. *Id.* at 2. The Fifth Circuit found that Curtis had not made the stringent showing necessary for successive proceedings. *Id.*

On February 2, 2023, Curtis then filed the instant federal petition for a writ of habeas corpus raising one ground for relief. Dkt. 1. Curtis alleges that he "presents an actual innocence claim which requires the retesting of [the] cellphone." Dkt. 1 at 6. In a separate memorandum, Curtis describes how "further DNA testing" based on newer techniques "would prove he's actual[ly] innocent of the offense . . . ." Dkt. 2 at 2.

After recognizing the Fifth Circuit's prior order, the Court ordered Respondent to answer Curtis's petition. In doing so, the Court observed that "to any extent [Curtis] makes a freestanding request for DNA testing or asserts an actual innocence claim, these claims may not be raised in this proceeding and will not be addressed." Dkt. 5 at 1.

3

Respondent has filed an answer. While reserving some AEDPA defenses such as exhaustion, Respondent "does not assert that Curtis's petition as construed is subject to the successive petition bar, 28 U.S.C. § 2244(b)(1), or barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)." Dkt. 14 at 2-3. Instead, Respondent argues: (1) any claim that the state habeas court erred in denying a request for DNA testing is conclusory and not cognizable on federal review; (2) any other attempt to challenge the denial of post-conviction testing is similarly conclusory or non-cognizable; and (3) the state habeas courts dismissed as an abuse of the writ Curtis's earlier challenges to DNA testing, which in turn results in a federal procedural bar of his claims. Dkt. 14 at 8-15. Curtis has not responded to the answer. For the reasons discussed below, the Court summarily denies habeas relief.

## II.     Discussion

Curtis's federal petition explicitly raises only a single claim: actual innocence. Any actual-innocence claim fails as a matter of substance and procedure. Substantively, the Fifth Circuit Court "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023); *In re Will*, 970 F.3d 536, 540 n.4 (5th Cir. 2020). Actual-innocence claims do not provide a cognizable basis for federal habeas relief. Procedurally, the Fifth Circuit has already decided that any claim based on "a freestanding request for DNA testing" or "actual innocence" runs afoul of AEDPA's successive-petition provisions. *In re Curtis*, No. 22-20630 at 2 (5th Cir. Jan. 12, 2013) (unpublished op.). The Court cannot reconsider the Fifth Circuit's decision.

4

With the liberal reading afforded to pleadings filed by *pro se* inmates, the Court will consider Curtis to have raised a due process challenge to the state court's denial of new DNA testing. The Fifth Circuit found that AEDPA's successive petition provisions did not bar any claim "that the state court violated [Curtis's] due process rights by denying his application for postconviction DNA testing." *In re Curtis*, No. 22-20630 at 1 (5th Cir. Jan. 12, 2013) (unpublished op.). Respondent, however, provides two valid reasons why Curtis's federal petition lacks merit. First, federal habeas review only exists to challenge an inmate's conviction and sentence. The instant federal petition, however, challenges the state habeas process (specifically, the denial of additional DNA testing). As such, any due process challenge to the denial of DNA retesting does not give rise to a cognizable ground for habeas relief.

Second, Curtis defaulted consideration of any due process claim in state court.[3] Curtis challenges the denial of retesting he made in a state application filed pursuant to Texas Code of Criminal Procedural 11.0731. The Court of Criminal Appeals dismissed that habeas application as an abuse of the writ. The default of a claim under Texas's abuse-of-the-writ provisions results in a federal procedural bar. A federal court may review an inmate's unexhausted or procedurally barred claims only if the inmate shows: (1) cause and actual prejudice; or (2) that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent[.]'" *Dretke v. Haley*, 541 U.S. 386, 393 (2004)

---

[3] Another question arises as to whether Curtis has exhausted this claim. Curtis requested retesting in state court, but he did not litigate the question of whether the denial of retesting violates the due process clause. In other words, Curtis has not exhausted state court remedies as required by AEDPA. *See* 28 U.S.C. § 2254(b)(1).

(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Curtis has the burden of overcoming the procedural bar. Curtis has made no effort to demonstrate that he can overcome the procedural defects in his claim.

## III.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

6

Because Curtis has not made the required showing, this Court will not issue a certificate of appealability.

### IV.     Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1.     The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     Any remaining pending motions are **DENIED** as moot.

3.     A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ MAR 2 0 2026 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

7